# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edwin Reeves Hazel, III, | ) |
| Plaintiff, | ) Case No. 2:10-cv-524-RMG |
| v. | ) **ORDER** |
| Captain C. McElvogue, | ) |
| Defendant. | ) |

This matter is before the court upon the magistrate judge's recommendation. The record includes the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B).[1]

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). As noted herein, Plaintiff filed an "objection" to the Magistrate's Report objecting to the conclusion of the recommendation and stating that the Defendant should not be allowed to re-file his motion for summary judgment. (Dkt. No. 53). However, Plaintiff's "objection" merely took issue with the conclusion of the Magistrate Judge and offered no specific objection beyond the conclusory and general objection. *See e.g., Smith v. Greenville Co. Sch. Dist*, 2010 WL 3834425 (D.S.C. Sept. 27, 2010).

Absent a timely objection from a dissatisfied party, a district court is not required to review,

---

[1] Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02 (B)(2), D.S.C., the magistrate judge is authorized to review all pretrial matters and submit findings and recommendations to the Court.

under a *de novo* or any other standard, a Magistrate Judge's factual or legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Wells v. Shriner's Hosp.*, 109 F.3d 198, 201 (4th Cir. 1997). Moreover, failure to file *specific* objections constitutes a waiver of a party's right to further judicial review, including appellate review. *See United States v. Schronce*, 727 F.2d, 91, 94 & n. 4 (4th Cir. 1984); *see also Hill v. Dobey*, 2010 WL 3998257 (D.S.C. Oct. 12, 2010) (emphasis original). In the absence of specific objections to the Report and Recommendation of the magistrate judge, the court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 78 F.2d 198, 199 (4th Cir. 1983).

Here, because the parties did not file *specific*, written objections, the Court need not conduct a *de novo* review of any portion of the report and recommendation. Accordingly, the Court hereby adopts the Magistrate Judge's R&R (Dkt. No. 45) as the Order of this Court, and it is

**ORDERED** that Defendants' summary judgment motion be denied as premature with leave to refile the motion following a reasonable time for further discovery regarding which, if any, grievance procedures were available to Plaintiff.[2]

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Judge

October 20, 2010
Charleston, South Carolina

---

[2] In adopting the Report and Recommendation, the effect of this Order only denies the Defendant's motion for summary judgment with leave to re-file after discovery is completed. The Order in no way prejudices Plaintiff or Defendant. In fact, denial of the summary judgment motion aides Plaintiff in allowing him more time to prove his claims.