IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Edwin Reeves Hazel, III, | ) | Civil Action No. 8:10-cv-524-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Captain C. McElvogue, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that Defendants' motion for summary judgment be granted. (Dkt. No. 105). The Plaintiff has objected. After a *de novo* review, this Court adopts the recommendation of the Magistrate Judge.

**Analysis**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## I. Plaintiff's Claims of Deliberate Malice and Indifference/ Retaliation

To the extent that Plaintiff's allegations that Defendant acted with deliberate malice and indifference toward Plaintiff states a claim of retaliation for Plaintiff filing lawsuits against Defendant, Plaintiff has failed to create a genuine issue of material fact. To state a claim that is not legally frivolous, a plaintiff whose cause of action is based on retaliation must "allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citing *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). Moreover, courts treat with skepticism retaliation claims by prisoners because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." *Id.* at 74.

Plaintiff alleges that Defendant's retaliation was in response to other lawsuits Plaintiff had filed against Defendant. (Dkt. No. 1 at 3). While Plaintiff states a non-legally frivolous claim, Plaintiff did not allege any facts in his Complaint that tend to show Defendant's alleged retaliation impeded Plaintiff's access to the courts. Moreover, Plaintiff failed to present any facts in any affidavits or other submissions to the Court that tend to show an injury with respect to Plaintiff's access to the courts.

## II. Plaintiff's Claims Regarding Conditions of Confinement

With respect to Plaintiff's claims about his conditions of confinement at HFDC, as a pretrial detainee during the time period set forth in the Complaint, Plaintiff's claims are evaluated under the Due Process Clause of the Fourteenth Amendment rather than the

2

Eighth Amendment, which is used to evaluate conditions of confinement for those convicted of crimes. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). In any event, "[t]he due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner . . . ." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988).

To establish that a condition or restriction of confinement is constitutionally impermissible "punishment," a pretrial detainee must show "either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 538–40 (1979)). Courts may infer that a restriction or condition is not reasonably related to a legitimate governmental objective, and is therefore punishment, if the restriction is arbitrary or purposeless. *Bell*, 441 U.S. at 539. However, while the purpose of pretrial confinement is to insure the detainee's presence at trial, the detention center may impose restraints on the detainee that are reasonably related to the detention center's interest in maintaining the facility's security, even if the restraints "are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." *Id.* at 539–40.

As discussed below, Plaintiff alleges only one injury as a result of the conditions of which he complains and has failed to set forth any facts or evidence to establish that the conditions of confinement resulted in any violation of his constitutional rights. Therefore, Plaintiff's allegations about the conditions at HFDC are insufficient to give rise to a genuine issue of fact as to whether any of his constitutional rights were violated.

As to Plaintiff's one allegation of injury, Plaintiff alleges that his Nutraloaf diet caused him severe stomach pains, gas, and diarrhea. (Dkt. No. 1 at 4). Defendant provided evidence that HFDC employees followed HFDC policy while Plaintiff was on a Nutraloaf diet; that policy includes feeding a prisoner who is on a Nutraloaf diet at least one hot meal after the prisoner has received three Nutraloaf meals. (Dkt. No. 76-2 at 38–43). A prison regulation infringing a prisoner's constitutional rights is valid if the regulation "is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Plaintiff does not challenge the validity of HFDC's regulations nor has he come forward with any evidence to support his bare assertion of an injury from his Nutraloaf diet, the Court has no bases for finding the regulations unreasonable. Further, Plaintiff has not alleged that Defendant did not provide Plaintiff with a nutritionally balanced meal or follow HFDC policy.

As to Plaintiff's remaining allegations regarding conditions of confinement—(1) that Plaintiff was classified as "disciplinary" without being charged with an infraction; (2) that Plaintiff was denied visitation for two weeks; (3) that Plaintiff was denied a mattress and blanket for five days; and (4) that Plaintiff was allowed to receive only four showers over a fifteen day period—Plaintiff has failed to allege that Defendant violated any of Plaintiff's constitutional rights. *See Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991) (holding that changes in conditions of confinement and the denial of privileges are matters that every prisoner can anticipate and are necessarily functions of prison management and must be left to the broad discretion of prison administrators to enable them to manage the prisons safely and efficiently). Plaintiff has failed to allege any injury resulting from being classified as disciplinary without being charged with an

4

infraction. Defendant has produced incident reports and Administrative/Disciplinary Review Board decisions that contradict Plaintiff's allegation that Defendant charged Plaintiff with an infraction without Plaintiff knowing the charge. (Dkt. No. 76-2 at 26–27, 33–37). Plaintiff has failed to produce any evidence to contradict Defendant's evidence.

Plaintiff has also failed to allege any injury resulting from being denied visitation. Further, Defendant produced the HFDC Inmate Hand Guide, which states that visitation is a privilege that "may be reduced or temporarily suspended in the event that inmates abuse such privilege[] or become a disciplinary problem, or pose a danger to the staff, other inmates, or safety and security of the facility." (Dkt. No. 76-2 at 58–59). Plaintiff has not challenged this policy as unconstitutional or alleged sufficient facts to give rise to a genuine issue of material fact as to whether Defendant violated Plaintiff's constitutional rights by denying Plaintiff visitation. Moreover, Plaintiff has failed to allege any injury resulting from the denial of a mattress and blanket. Also, Defendant has submitted an affidavit averring that Plaintiff was not denied a mattress and blanket. (Dkt. No. 76-2 at 4). Plaintiff has failed to provide any evidence outside of his assertions that Defendant denied Plaintiff a blanket and mattress.

Finally, Plaintiff has failed to allege any injury resulting from a denial of showers, and Plaintiff has failed to produce any evidence to contradict Defendant's affidavits that state that Plaintiff was not denied a shower and that Plaintiff also had access to a sink in which Plaintiff could wash himself. (Dkt. No. 76-2 at 4; Dkt. No. 76-3 at 2). The Fourth Circuit has stated that while a prisoner may prefer a shower, providing a prisoner with water and materials with which to clean himself is not a "depriv[ation] of the minimal civilized measures of human necessities in such a palpable way that injury should be

inferred." *Shakka*, 71 F.3d at 168 (holding that prison officials did not violate a prisoner's Eighth Amendment rights by denying the prisoner a shower for three days after the prisoner had human excrement thrown on him when the prisoner had access to water and cleaning materials immediately after informing prison officials of the situation). Therefore, Plaintiff has not demonstrated a genuine issue of material fact as to whether Defendant violated Plaintiff's constitutional rights by denying Plaintiff showers.

### III.  Deprivation of Property

Plaintiff alleges that Defendant deprived Plaintiff of two of Plaintiff's newly drafted legal documents and tore the cover of Plaintiff's Bible. However, a prisoner's claim for deprivation of personal property is not cognizable under § 1983. *Parratt v. Taylor*, 451 U.S. 527, 544 (1981) (holding that a prisoner was "deprived" of his property within the meaning of the due process clause of the Fourteenth Amendment but that the state's tort remedy provided all the process that was due). Here, Plaintiff could have instituted a civil action in the state courts to recover his personal property under S.C. Code § 15-69-10 et seq. Therefore, Plaintiff has failed to establish he has been deprived of any constitutional right.

Further, to the extent that Plaintiff's claim that Defendant deprived Plaintiff of Plaintiff's legal documents constitutes a claim of retaliation impeding Plaintiff's access to the courts, Plaintiff has failed to demonstrate a genuine issue of material fact. Plaintiff has not provided any evidence to refute the affidavit offered by Defendant that neither Defendant nor any HFDC employee took Plaintiff's legal documents. (Dkt. No. 76-4). Moreover, Plaintiff has not alleged any injury resulting from the alleged deprivation of his legal documents.

## Conclusion

Based on the above, Defendants' motion for summary judgment is **granted**. (Dkt. No. 76).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 25, 2011
Charleston, South Carolina